UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RYAN BOSHAW,

    Plaintiff,

Case No. 19-cv-13656
Hon. Thomas J. Ludington

v.

MIDLAND BREWING COMPANY,
DONNA REYNOLDS, and DAVE KEPLER,

    Defendants.

_____

| | |
|---|---|
| Collin H. Nyeholt (P74132) | Anne-Marie Vercruysse Welch (P70035) |
| LAW OFFICES OF CASEY D. CONKLIN, PLC | Hannah R. Kendall (P80101) |
| 4084 Okemos Road, Ste B | CLARK HILL PLC |
| Okemos, MI 48864 | Attorneys for Defendants |
| (517) 522-2550 | 151 S. Old Woodward, Ste 200 |
| collin@caseydconklin.com | Birmingham, Michigan 48009 |
| | (248) 988-1810 |
| | awelch@clarkhill.com |
| | hkendall@clarkhill.com |

_____

## ANSWER TO COMPLAINT

    Defendant Midland Brewing Company ("MBC"), Defendant Donna Reynolds ("Reynolds"), and Defendant Dave Kepler ("Kepler") (collectively referred to as "Defendants") through their attorneys, Clark Hill PLC, state for their Answer and Affirmative Defenses to Plaintiff Ryan Boshaw's Complaint, as follows:

1. Defendants admit that Plaintiff has filed a claim for violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 USC § 20000e and Michigan's Elliott-Larsen Civil Rights Act (ELCRA), MCL § 37.2101 *et seq.*; however, Defendants further deny that they engaged in any wrongdoing towards Plaintiff or that they are liable to Plaintiff under Title VII, ELCRA, or any other law.

2. Defendants are without sufficient information to either admit or deny the allegations in Paragraph 2 of the Complaint and therefore leave Plaintiff to his proofs.

3. Admitted. Defendants further answer that MBC is a Michigan Limited Liability Company.

4. Defendants deny the allegations in Paragraph 4 of the Complaint as untrue. By way of further answer, Defendants state that Reynolds is the Restaurant General Manager of MBC.

5. Defendants deny the allegations in Paragraph 5 of the Complaint as untrue.

6. Admitted; however, Defendants further deny that they engaged in any wrongdoing towards Plaintiff or that they are liable to Plaintiff under Title VII, ELCRA, or any other law.

7. Paragraph 7 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny as untrue any allegations that are inconsistent with applicable law.

8. Paragraph 8 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny as untrue any allegations that are inconsistent with applicable law.

9. Paragraph 9 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny as untrue any allegations that are inconsistent with applicable law.

## ALLEGATIONS

10. In answer to Paragraph 10 of the Complaint, Defendants incorporate by reference their answers to all the preceding paragraphs as if restated herein.

11. Admitted.

12. Defendants admit that Reynolds served as Plaintiff's direct supervisor and, as such, had authority to direct the manner and method of his daily work activities. Defendants further answer that Reynolds had the ability to recommend Plaintiff's hire, fire, promotion, demotion or discipline.

13. Admitted.

14. Defendants deny as untrue the allegations in Paragraph 14 of the Complaint. Defendants further answer that Plaintiff was promoted to an hourly Floor Leader effective November 5, 2018 and that Plaintiff was promoted to a salaried Front of the House Operations Manager effective January 14, 2019.

15. Defendants are without sufficient information to either admit or deny the allegations in Paragraph 15 of the Complaint and therefore leave Plaintiff to

his proofs. By way of further answer, Defendants admit that they were aware that Plaintiff was a homosexual man prior to his first promotion.

16. Defendants are without sufficient information to either admit or deny the allegations in Paragraph 16 of the Complaint and therefore leave Plaintiff to his proofs.

17. Defendants are without sufficient information to either admit or deny the allegations in Paragraph 17 of the Complaint and therefore leave Plaintiff to his proofs.

18. Defendants are without sufficient information to either admit or deny the allegations in Paragraph 18 of the Complaint and therefore leave Plaintiff to his proofs.

19. Defendants deny the allegations in Paragraph 19 of the Complaint as untrue.

20. Defendants deny the allegations in Paragraph 20 of the Complaint as untrue.

21. Defendants deny as untrue the conversation referenced in Paragraph 20 of the Complaint; Defendants are without sufficient information to either admit or deny the remaining allegations in Paragraph 21 of the Complaint and therefore leave Plaintiff to his proofs.

22. Defendants deny as untrue the conversation referenced in Paragraph 20 of the Complaint; Defendants are without sufficient information to either admit or deny the remaining allegations in Paragraph 22 of the Complaint and therefore leave Plaintiff to his proofs.

23. Defendants admit that Plaintiff was promoted to Front of the House Operations Manager effective January 14, 2019. Defendants deny as untrue the remaining allegations in Paragraph 23 of the Complaint.

24. Defendants are without sufficient information to either admit or deny the allegations in Paragraph 24 of the Complaint and therefore leave Plaintiff to his proofs.

25. Defendants deny as untrue the allegation in Paragraph 25 of the Complaint that Reynolds conditioned Plaintiff's promotion on him altering his relationship status. Defendants are without sufficient information to either admit or deny the remaining allegations in Paragraph 25 of the Complaint and therefore leave Plaintiff to his proofs.

26. Defendants admit that on or about February 14, 2019, Plaintiff advised Kepler that he had obtained an offer for a job that would have paid him a higher bi-weekly rate. Plaintiff further lamented that he believed he was doing more work than his back of the house counterpart and Reynolds. Defendants deny as untrue the remaining allegations in Paragraph 26 of the Complaint. Defendants further aver that Plaintiff never complained about discrimination on the basis of sexual orientation to Defendants during his employment.

27. Defendants admit that Reynolds told Plaintiff that she wished he had raised his concerns with her. Defendants deny the remaining allegations in Paragraph 27 of the Complaint as untrue.

28. Defendants deny the allegations in Paragraph 28 of the Complaint as untrue.

29. Defendants admit that Plaintiff was terminated from employment on or about May 31, 2019.

30. Admitted.

31. Defendants deny the allegations in Paragraph 31 of the Complaint in the manner and form stated. Defendants further answer that Plaintiff's notice of his termination speaks for itself.

32. Defendants deny the allegations in Paragraph 32 of the Complaint as untrue.

33. Defendants deny the allegations in Paragraph 33 of the Complaint as untrue.

34. Defendants deny the allegations in Paragraph 34 of the Complaint as untrue.

35. Admitted.

36. Admitted.

## COUNT 1 – SEX DISCRIMINATION
*In Violation of the Title VII*
**As Against Defendant MBC**

37. In answer to Paragraph 37 of the Complaint, Defendants incorporate by reference their answers to all the preceding paragraphs as if restated herein.

38. Paragraph 38 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required,

Defendants deny as untrue any allegations that are inconsistent with applicable law.

39. Paragraph 39 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny as untrue any allegations that are inconsistent with applicable law.

40. Paragraph 40 of the Complaint states legal conclusions to which no responses are required. To the extent a response is deemed required, Defendants deny as untrue any allegations that are inconsistent with applicable law.

41. Defendants deny as untrue that Defendants maintain a gender stereotype that males should only engage in long-term relationships with females, and not with other males. Defendants deny as untrue that Plaintiff's promotion to Front of the House Manager was conditioned on his removal of the public disclosure of his relationship, and further nondisclosure of his relationship with a male. Defendants also deny as untrue that Plaintiff has suffered discrimination by reason of his failure to conform to gender stereotypes. Defendants are without sufficient information to either admit or deny the remaining allegations in Paragraph 41 of the Complaint and therefore leave Plaintiff to his proofs.

42. Defendants deny as untrue the allegations in Paragraph 42 of the Complaint.

43. Defendants deny as untrue the allegations in Paragraph 43 of the Complaint.

44. Defendants deny as untrue the allegations in Paragraph 44 of the Complaint.

45. Defendants deny as untrue the allegations in Paragraph 45 of the Complaint.

## COUNT 2 – SEX DISCRIMINATION
### *In Violation of Michigan's Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq*
### As Against All Defendants

46. In answer to Paragraph 46 of the Complaint, Defendants incorporate by reference their answers to all the preceding paragraphs as if restated herein.

47. Paragraph 47 of the Complaint states legal conclusions to which no responses are required. To the extent a response is deemed required, Defendants deny as untrue any allegations that are inconsistent with applicable law.

48. Paragraph 48 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny as untrue any allegations that are inconsistent with applicable law.

49. Paragraph 49 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny as untrue any allegations that are inconsistent with applicable law. See also, Defendants' response to Paragraph 5 of the Complaint.

50. Defendants deny as untrue that Defendants maintain a gender stereotype that males should only engage in long-term relationships with females, and not with other males.  Defendants deny as untrue that Plaintiff's promotion to Front of the House Manager was conditioned on his removal of the public disclosure of his relationship, and further nondisclosure of his relationship with a male.  Defendants also deny as untrue that Plaintiff has suffered discrimination by reason of his failure to conform to gender stereotypes. Defendants are without sufficient information to either admit or deny the remaining allegations in Paragraph 50 of the Complaint and therefore leave Plaintiff to his proofs.

51. Defendants deny as untrue the allegations in Paragraph 51 of the Complaint.

52. Defendants deny as untrue the allegations in Paragraph 52 of the Complaint.

53. Defendants deny as untrue the allegations in Paragraph 53 of the Complaint. Defendants further answer that Plaintiff has not alleged age-based discrimination.

54. Defendants deny as untrue the allegations in Paragraph 54 of the Complaint.

**COUNT 3 – RETALIATION**
*In Violation of the Title VII*
**As Against Defendant MBC**

55. In answer to Paragraph 55 of the Complaint, Defendants incorporate by reference their answers to all the preceding paragraphs as if restated herein.

56. Paragraph 56 of the Complaint states legal conclusions to which no responses are required. To the extent a response is deemed required, Defendants deny as untrue any allegations that are inconsistent with applicable law.

57. Defendants deny as untrue the allegations in Paragraph 57 of the Complaint.

58. Defendants deny as untrue the allegations in Paragraph 58 of the Complaint.

59. Defendants deny as untrue the allegations in Paragraph 59 of the Complaint.

60. Defendants deny as untrue the allegations in Paragraph 60 of the Complaint.

## COUNT 3 – RETALIATION
*In Violation of Michigan's Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq*
**As Against All Defendants**

61. In answer to Paragraph 61 of the Complaint, Defendants incorporate by reference their answers to all the preceding paragraphs as if restated herein.

62. Paragraph 62 of the Complaint states legal conclusions to which no responses are required. To the extent a response is deemed required, Defendants deny as untrue any allegations that are inconsistent with applicable law.

63. Defendants deny as untrue the allegations in Paragraph 63 of the Complaint.

64. Defendants deny as untrue the allegations in Paragraph 64 of the Complaint.

65. Defendants deny as untrue the allegations in Paragraph 65 of the Complaint.

66. Defendants deny as untrue the allegations in Paragraph 66 of the Complaint.

67. Defendants deny as untrue the allegations in Paragraph 67 of the Complaint.

### COUNT 4 – CIVIL RIGHTS CONSPIRACY
*In Violation of Michigan's Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq*
### As Against All Defendants

68. In answer to Paragraph 68 of the Complaint, Defendants incorporate by reference their answers to all the preceding paragraphs as if restated herein.

69. Paragraph 69 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny as untrue any allegations that are inconsistent with applicable law.

70. Paragraph 70 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny as untrue any allegations that are inconsistent with applicable law.

71. Defendants deny as untrue the allegations in Paragraph 71 of the Complaint.

72. Paragraph 72 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny as untrue any allegations that are inconsistent with applicable law.

73. Defendants deny as untrue the allegations in Paragraph 73 of the Complaint.

74. Defendants deny as untrue the allegations in Paragraph 74 of the Complaint.

75. Defendants deny as untrue the allegations in Paragraph 75 of the Complaint.

76. Defendants deny as untrue the allegations in Paragraph 76 of the Complaint.

77. Defendants deny as untrue the allegations in Paragraph 77 of the Complaint.

WHEREFORE, Defendants pray that this Court dismiss the Complaint and award Defendants all of their attorney fees and costs for having to defend this vexatious and non-meritorious claim. Defendants pray for such other relief as the Court believes just.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's claims should be dismissed, in whole or in part, as he has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by his failure to exhaust his administrative remedies and/or comply with conditions precedent.

3. Plaintiff's claims are barred by principles of collateral and/or judicial estoppel, waiver or laches.

4. Without admitting any wrongful conduct, Defendants assert that Plaintiff's damages are barred in whole or in part by the doctrine of after-acquired evidence.

5. Plaintiff's Complaint is barred, in whole or in part, by contractual and other applicable statute of limitations.

6. Defendants had legitimate and non-discriminatory business reasons for any and all employment decisions about which Plaintiff now complains.

7. Plaintiff's claims should be dismissed, in whole or in part, as he has suffered no damages.

8. Plaintiff's claims and request for damages are barred, in whole or in part, by facts and circumstances that have become known to Defendants since Plaintiff's termination.

9. Plaintiff is not entitled to any monetary relief, either in the form of back pay, front pay or compensatory damages, due to his failure to properly mitigate his damages and his damages, if any, are subject to appropriate set-offs.

10. Plaintiff's claims should be dismissed, in whole or in part, as Plaintiff comes before the court with unclean hands.

11. Plaintiff unreasonably failed to take advantage of preventative and/or corrective opportunities provided by Defendants and/or to avoid harm otherwise.

12. Plaintiff's claims and requests for damages are barred, in whole or in part, by his own improper acts of omission and/or commission.

13. Defendants are entitled to be paid all of their attorney fees and costs pursuant to 42 U.S.C. § 2000e(5)k and 42 U.S.C. § 1988.

14. Defendant reserves the right to amend or supplement their Affirmative Defenses to the extent justified by the facts as may be developed in the matter.

WHEREFORE, Defendants pray that this Court dismiss the Complaint and award Defendants all of their attorneys' fees and costs for having to defend this vexatious and non-meritorious claim. Defendants pray for such other relief as the Court believes just.

    Respectfully submitted,

    CLARK HILL PLC

    By: */s/ Anne-Marie Vercruysse Welch*
    Anne-Marie Vercruysse Welch (P70035)
    Hannah R. Kendall (P80101)
    CLARK HILL PLC
    Attorneys for Defendants
    151 S. Old Woodward, Ste. 200
    Birmingham, Michigan 48009
    (248) 988-1810
    awelch@clarkhill.com
    hkendall@clarkhill.com

Date: February 7, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all of the parties of record.

Respectfully submitted,

CLARK HILL PLC

By: */s/ Anne-Marie Vercruysse Welch*
Anne-Marie Vercruysse Welch (P70035)
Hannah R. Kendall (P80101)
CLARK HILL PLC
Attorneys for Defendants
151 S. Old Woodward, Ste. 200
Birmingham, Michigan 48009
(248) 988-1810
awelch@clarkhill.com
hkendall@clarkhill.com

Date: February 7, 2020